In the United States District Court,
Northern District of Ohio,
Western Division

| | |
|---|---|
| United States of America, | Case No. 3:18-CR-0304 |
| Plaintiff, | Judge James G. Carr |
| v. | **Order** |
| Samuel Crish, | |
| Defendant. | |

Pending is the Defendant's Motion for a Reduced Sentence under Amendment 821 to the U.S. Sentencing Guidelines. (Doc. 47). In accordance with this Court's Order, the matter was referred to the Federal Public Defender's Office (FPD) for review. See, N.D. Ohio General Order 2023-20, ¶I (11/23/2023). Under this Order, the FPD has the right to file a supplemental motion in support of a pro se defendant's request, or to file a notice of intent not to supplement. *Id.* ¶V.

The FPD has supplemented the Motion with a Brief in Support thereof. (Doc. 51). The Government filed its Response in Opposition. (Doc. 52). The Defendant has filed a Reply. (Doc. 58). He has also filed exhibits supporting his Motion. (Doc. 58-1; Doc. 61). The Government has likewise filed victim impact statements in support of its Opposition. (Doc. 55).

At sentencing, I imposed a sentence of 136 months, approximately the midpoint of the Guideline Range of 121-151 months. I also ordered restitution in the amount of $606,221. (Doc. 30, pgID 209). Because Defendant had zero criminal history points (Doc. 22, pgID 120 ¶ 73), his counsel argues he is eligible for a two-level offense level reduction. See U.S.S.G. § 4C1.1 (2023). With an offense level of 30 and Criminal History Score of I, the Defendant's reduced Guideline Range is 97-121 months. The Public Defender asks that I reduce his sentence accordingly to 97 months. (Doc. 51, pgID 402).

1

The Government concurs Defendant is eligible for relief, but pointing to the § 3553(a) factors, strongly opposes my doing so. (Doc. 52, pgID 405). As the Government notes, thirty-five victims suffered at the hands of Defendant to the tune of over one-half million dollars. Moreover, Defendant, with no purpose other than to obstruct justice, lied to FBI agents. (*Id.*).

**Discussion**

I decline to grant the Defendant's request for a sentence reduction.

Admittedly, the Defendant is elderly. He has had some serious health problems. These include an emergency appendectomy and removal of a brain tumor. (Doc. 47, pgID 350). He has also taken a wide array of educational courses and claims he has had no infractions while incarcerated. (*Id.*). And he has letters of support. (Doc. 47-3; Doc. 60).

Counterbalancing those exhibits are victim impact statements produced by the Government. (Doc. 55).

On consideration of the § 3553(a) sentencing factors, I concede that the likelihood of recidivism or that the Defendant would otherwise endanger the citizens of Allen County, Ohio, is slim to nil. Thus, the Defendant's past is not a prologue to his future.

But I cannot overlook the enormity, duration, and public and private consequences of his crimes, or their nature.

Any public official – whether elected or appointed – who sells his office for personal gain, irreparably reduces public confidence and trust in government generally, not just in his or her own office.

When the rot of corruption begins to infect a law enforcement agency, that malfeasance often spreads. This can be especially so where the agency Chief is corrupt.

Whether this happened in the Allen County Sheriff's Department, which in my view, is indisputably likely, is not material. But it is, for me, a proper and serious concern as I turn to the other § 3553(a) factors. Most especially public deterrence, enhancement of respect for the law, and whether the result is just.

To grant Defendant the relief he requests would adversely affect these core concerns.

Judges should extend, as I intend herein to show, little mercy for public corruption. This is especially so where the perpetrator is, himself, a law enforcement officer. The officer who breaks the law, rather than enforcing it, deserves severe punishment. That is what the public expects and what the Defendant should justly receive.

To do otherwise would diminish, rather than enhance, respect for the law.

In reaching my conclusion that the Defendant is not worthy of the favor he seeks, I am not unmindful of his explanation for his ongoing corruption – an addiction to gambling.

But I decline to accept that as an excuse or to excuse his criminal career machine. He succumbed to the chimerical allure of winning it all back. Rather than turning away and seeking lawful treatment for his condition, the Defendant repeatedly and deliberately sought out and succumbed to the ever fickle and constantly faithless alure of Lady Luck. To pay for her endless inconstancy, he continually, with badge in one hand and his other outreached, robbed those who either trusted or feared him and his office.

His ongoing misconduct and flagrant abuse of office are unpardonable. I express these views to underscore how I – and I believe the law – should respond to public corruption. This is especially so when it involves a law enforcement officer.

I decline to reduce his sentence.

It is, accordingly, hereby

ORDERED THAT the Defendant's Motion for a Reduced Sentence under Amendment 821 (Doc. 47) be, and the same hereby is, **denied.**

So ordered.

/s/ James G. Carr<br>Sr. U.S. District Judge